IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 8:08CR277 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LARRY T. DOTSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for a reduction of sentence, Filing No. 68. Defendant's motion is premised on the case of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

The defendant pled guilty to a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Filing No. 23. The record shows the defendant entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, under which he agreed that he was subject to a four-level enhancement under U.S.S.G. § 2K2.1(b)(6), because the possession of the firearm was "in connection with" the commission of another felony offense. Filing No. 26, Plea Agreement (Sealed). The four-level enhancement was discussed at the sentencing hearing. Filing No. 66, Memorandum and Order at 4-5.

The court has reviewed the *Simmons* case and finds it has no application to the circumstances presented here. *Simmons* involved a statutory enhancement for a predicate felony offense under the Controlled Substances Act, 21 U.S.C. § 851(a)(1). *Simmons,* 649 F.3d at 239. The *Simmons* case was premised on a recent U.S. Supreme Court case, in which the Supreme Court held that simple drug possession was not an aggravated felony for purposes of enhancing the maximum sentence for a drug-trafficking crime. *Carachuri-Rosendo v. Holder*, — U.S. —, —, 130 S. Ct. 2577, 2582 (2010) (stating that the Controlled Substances Act requires that a prosecutor charge the existence of the prior

simple possession conviction before trial, or before a guilty plea because notice and an opportunity to challenge the validity of a prior conviction that is used to enhance a sentence are mandatory prerequisites to increasing the maximum punishment based on the fact of a prior conviction). *Id.* at 2582.

In contrast, the application of U.S.S.G. § 2K2.1(b)(6) did not affect the defendant's maximum sentence and did not trigger the Constitutional concerns that arise in connection with a statutory enhancement. *See, e.g.*, *United States v. Bridges*, 569 F.3d 374, 377 (8th Cir. 2009) (noting that it is well established, after *United States v. Booker*, 543 U.S. 220 (2005), that in an advisory sentencing scheme, the district court is entitled to determine sentences based upon judge-found facts and uncharged conduct as long as the defendant is not sentenced in excess of the statutory maximum). The enhancement based on use of a firearm in connection with felony flight to avoid arrest is supported by a preponderance of the evidence. The court has earlier held that the defendant voluntarily and knowingly entered a plea of guilty in accordance with the agreement. Filing No. 66, Memorandum and Order at 5. Accordingly, the court finds defendant's motion to reduce his sentence should be denied.

IT IS ORDERED that the defendant's motion to reduce his sentence (Filing No. 68) is denied.

DATED this 8th day of March, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
U.S. District Court Judge